# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONNIE MARTIN,**

    Plaintiff,

v.                                               **Case No. 17-CV-1192**

**TIM GRAY,**
**STATE OF WISCONSIN, and**
**ABC INSURANCE COMPANY,**

    Defendants.

## RECOMMENDATION SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915

Ronnie Martin filed this civil rights action without the assistance of counsel on September 1, 2017. The matter was randomly assigned to this Court, and Mr. Martin consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF No. 3 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). Mr. Martin has requested to proceed without prepaying the filing fee. The Court will recommend that his request be granted.

**I. Discussion**

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not

seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

## A. Ability to pay costs of commencing this action under § 1915(a)

In his request to proceed without prepaying the filing fee, Mr. Martin asserts that he does not have any assets or expenses. *See* Plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF No. 2. Mr. Martin states that he is currently looking for employment and attempting to apply for disability benefits. Req. 4. Based on the above information, the Court concludes that Mr. Martin is unable to pay the fees and costs of commencing this action.

## B. Screening under § 1915(e)

The second step of the inquiry requires the Court to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the Court may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough

"[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, the Court must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

1. **Allegations in the Complaint**

As an initial matter, Mr. Martin included two complaints with his initial filing: the form complaint used by this district, ECF No. 1, and a complaint Mr. Martin formatted himself, ECF No. 1-1. The form complaint is incomplete and, therefore, the Court will strike that document from the official court docket. The other complaint appears to satisfy all the requirements of a pleading. *See* Fed. R.

3

Civ. P. 8 & 10. The Court will thus treat that document as the operative pleading in this action.

Mr. Martin's complaint contains the following allegations. *See* Complaint, ECF No. 1-1. During the early morning hours of March 11, 2017, Mr. Martin was sitting in the passenger seat of a vehicle parked in the 4900 block of North 38th Street in the City of Milwaukee. Compl. ¶ 14. Timothy Gray, a special agent with the State of Wisconsin, and other law enforcement officers approached that vehicle with their guns drawn. Compl. ¶¶ 10, 16. As Mr. Martin placed his hands on the dashboard, Special Agent Gray opened the car door, grabbed Mr. Martin aggressively, pulled Mr. Martin out of the car, and threw Mr. Martin onto the ground. Compl. ¶ 17. Special Agent Gray then accused Mr. Martin of being in a stolen vehicle, searched Mr. Martin, and placed Mr. Martin under arrest. Compl. ¶ 21. The search did not reveal any contraband on Mr. Martin's person. Compl. ¶ 24.

Mr. Martin was released from custody after he ostensibly agreed, at Special Agent Gray's insistence, to work with law enforcement as a confidential informant. Compl. ¶¶ 22–23. Thereafter, Mr. Martin refused Special Agent Gray's attempts to have him engage in controlled buys. Compl. ¶¶ 27–28. Special Agent Gray then began to harass and threaten Mr. Martin via phone calls, demanding that he engage in incriminating conduct. Mr. Martin was never charged for his alleged wrongdoing on March 11. Compl. ¶ 26.

Mr. Martin has sued Special Agent Gray individually and in his capacity as a special agent for the State of Wisconsin, seeking redress under 42 U.S.C. § 1983 for

4

alleged violations of his Fourth, Fourteenth, and Eighth Amendment rights. Compl. ¶¶ 29–42. Mr. Martin has also asserted state-law claims of false imprisonment/false arrest, emotional distress, and battery. Compl. ¶¶ 43–56. Also named in the suit as indemnitors to Special Agent Gray are the State of Wisconsin and ABC Insurance Company. Compl. ¶¶ 12–13 (citing Wis. Stat. § 895.46). Mr. Martin is seeking monetary relief, including punitive damages. Compl. a–e.

### 2. Analysis

Liberally construed, the Complaint appears to assert cognizable civil rights claims against Special Agent Gray under § 1983. His claims against the State of Wisconsin and ABC Insurance Company, however, cannot survive screening under § 1915(e)(2)(B). The Complaint does not contain any specific allegations with respect to those defendants, and the State of Wisconsin has sovereign immunity from suits seeking monetary relief, *see Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (noting that the Eleventh Amendment "precludes a citizen from suing a state for money damages in federal court without the state's consent"). Though the State of Wisconsin and its insurer may ultimately have to indemnify Special Agent Gray should he be found liable, that statute does not "transform any suit against a state employee into a suit against the state." *Ware v. Percy*, 468 F. Supp. 1266, 1268 (E.D. Wis. 1979).

## II. Conclusion

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, I do not have authority to dismiss defendants from this action. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). The

matter therefore will be referred to a district judge for review of my recommendations that: (1) Mr. Martin's request to proceed without prepaying the filing fee be granted; and (2) the State of Wisconsin and ABC Insurance Company be dismissed as defendants in this action.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF No. 2, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the State of Wisconsin and ABC Insurance Company be **DISMISSED** as defendants in this action.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge