# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONNIE MARTIN,

          Plaintiff,

v.

TIM GRAY,

          Defendant.

Case No. 17-CV-1192-JPS

**ORDER**

On September 1, 2017, Plaintiff filed a complaint against, *inter alia*, Defendant Tim Gray, a special agent with the State of Wisconsin, for various violations of his constitutional rights during and after Plaintiff's arrest in March 2017. (Docket #1-1). Upon screening the complaint, Magistrate Judge David E. Jones found that Plaintiff had stated valid claims against Defendant and recommended that Plaintiff be allowed to proceed on those claims. (Docket #4). On October 2, 2017, without objection from either party, the Court adopted that recommendation. (Docket #5). Defendant appeared on November 21, 2017, and the Court entered a trial scheduling order on November 29, 2017. (Docket #6 and #10).

On January 5, 2018, Defendant filed a motion to stay this action. (Docket #13). Defendant states that Plaintiff is under prosecution in the Northern District of Illinois related to the events underlying this lawsuit. (Docket #14 at 2-5). Plaintiff has apparently sought dismissal of the charges on the same constitutional grounds raised in this case. *Id.* at 4-5. Under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Plaintiff's claims against Defendant would be barred if they would imply the invalidity of his conviction or sentence. Though there has not yet been a conviction or

sentence in the criminal case, *Wallace* suggests that the best course of action is to stay this civil proceeding until the criminal one is completed. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). When that occurs, this Court will be able to determine if *Heck* bars Plaintiff's claims. *Id.*

Defendant asserts that a stay is appropriate under *Heck* and *Wallace*. He further notes that Plaintiff raises other claims which would not be subject to a stay under those precedents, such as Plaintiff's claims regarding excessive force and state law battery and infliction of emotional distress. (Docket #14 at 11-12). He argues that a stay of those claims is nevertheless appropriate in the interest of judicial economy. *See Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004).

Plaintiff's time to respond to Defendant's motion has elapsed. Civ. L. R. 7(b). The Court has not received a response or any other filings from Plaintiff. In light of Plaintiff's non-opposition, and in agreement with Defendant's arguments, the Court will grant the motion. This action shall be stayed until the conclusion of the criminal action against Plaintiff filed in the United States District Court for the Northern District of Illinois, case number 17-CR-597.

Defendant shall file a status report on the progress in the criminal case every sixty (60) days. Defendant shall also file an update informing the Court that a final judgment has been issued in the criminal case within seven (7) days of that occurrence. The dates and deadlines of the current trial scheduling order will be vacated. When the criminal case has concluded, the Court will issue a new trial scheduling order. Defendant will then be free to file a dispositive motion on *Heck* grounds, should it apply.

Accordingly,

**IT IS ORDERED** that Defendant's motion to stay (Docket #13) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant shall file status reports with the Court in accordance with the terms of this Order; and

**IT IS FURTHER ORDERED** that the Court's November 29, 2017 trial scheduling order (Docket #10) be and the same is hereby **VACATED**.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge