# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONNIE MARTIN,

      Plaintiff,

v.

TIM GRAY and JOHN DOES,

      Defendants.

Case No. 17-CV-1192-JPS

**ORDER**

    The Court previously permitted Plaintiff to proceed against John Doe defendants, and ordered him to amend his complaint to identify those defendants by February 28, 2020. (Docket #38). Plaintiff timely filed a motion for leave to amend his complaint. (Docket #46). He will be allowed to proceed on that complaint with one alteration. Plaintiff sues a number of individual law enforcement officers, who are viable targets for a Section 1983 lawsuit. He has also included the Wisconsin Department of Criminal Investigation as a defendant "as an indemnitor" to Defendant Tim Gray. (Docket #46-1 at 4). The department must be dismissed, as it enjoys sovereign immunity. *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012).

    The Court will also address two other motions filed by Plaintiff. The first is a motion to compel. (Docket #41). The motion makes two requests. First, it asks the Court to issue a subpoena to Defendants. The Court mailed a subpoena to Plaintiff; it does not directly send subpoenas to their targets on a party's behalf. Second, Plaintiff seeks an order compelling Defendants to respond to his discovery requests regarding the John Doe defendants. The motion appears moot, as Plaintiff has now submitted his amended complaint naming the John Doe defendants. In any event, Defendant's

counsel filed a letter on February 24, 2020 explaining the delay in responding to Plaintiff's discovery requests. (Docket #45). For these reasons, the Court will deny the motion to compel at this time.

Plaintiff's second motion is one seeking appointment of counsel. (Docket #42). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent an indigent plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Plaintiff's motion merely recites these elements in a conclusory fashion. He does not present meaningful arguments or evidence in favor of his request for counsel. The Court will, therefore, deny the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint (Docket #46) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second amended complaint (Docket #46-1) shall be his operative pleading in this matter;

**IT IS FURTHER ORDERED** that Defendant Wisconsin Department of Criminal Investigation be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's second amended complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the second amended complaint within sixty (60) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel (Docket #41) and for appointment of counsel (Docket #42) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge