UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONNIE MARTIN,

                Plaintiff,

v.                                                           Case No. 17-cv-1192-bhl

TIMOTHY P. GRAY, et al.,

                Defendants.

---

## ORDER

---

Plaintiff Ronnie Martin is representing himself in this action. He is currently incarcerated at the Gilmer Federal Correctional Institution in West Virginia, although he was not incarcerated when he initiated this action nearly four years ago. Martin is proceeding on federal and state law claims against law enforcement officers based on allegations of excessive force, false arrest, and bribery. *See* Dkt. Nos. 48, 49. On December 4, 2020, the Court ordered the United States to be substituted as the defendant for Defendants Angus Forbes, Matt McCarthy, Mike Brandemuehl, Jack Kopatich, and Scott Marlock (the "individual federal defendants") on Martin's state law claims. Dkt. No. 104. This action comes before the Court for resolution of the pending motions, each of which the Court will address in turn.

**1. The Individual Federal Defendants' Motion to Dismiss, Dkt. No. 99**

Martin is proceeding on excessive force, abuse of process (bribery), and malicious prosecution claims against the individual federal defendants. Dkt. No. 49 at ¶¶1, 3, 9, 13-19. He alleges that, during his arrest on March 9, 2017, as he "placed his hands on the dashboard to surrender, defendants opened the door, grabbed [him] in an aggressive manner, pulled him out of

the car and threw him onto the ground outside." *Id.* at ¶17. Martin explains that he was thrown to the ground so hard that he scraped and maybe dislocated his shoulder. *Id*. at ¶18. Martin further alleges that defendants "bribed" him in an attempt to secure his cooperation with their law enforcement efforts. *Id.* at ¶23.

On December 1, 2020, the individual federal defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Martin did not respond to the motion. The individual federal defendants first argue that Martin may not sue them under 42 U.S.C §1983 because that provision allows civil lawsuits against *state and local* government officials, not against *federal* government officials, which includes federally-deputized members of federal task forces. Dkt. No. 100 at 5-6 (citing in part *Vance v. Rumsfeld*, 653 F.3d 591, 612 (7th Cir. 2011); *Askew v. Bloemker*, 542 F.2d 673, 677 (7th Cir. 1976)). The individual federal defendants explain that "at all times relevant to the complaint, defendants Forbes, McCarthy, Brandemuehl, Kopatich, and Marlock were acting under color of federal law, either as federal agents or in their capacity as members of a DEA Task Force." Dkt. No. 100 at 7.

The Court concludes that the individual federal defendants are correct that Martin's constitutional claims are not cognizable under §1983. Because the individual federal defendants were acting under the color of federal law rather than under the color of state law, Martin's claims against these individuals arise under *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under §1983. *See Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988) (recognizing that Bivens claims and §1983 claims "are identical save for the replacement of a state actor (§1983) by a federal actor (*Bivens*).").

Next, the individual federal defendants argue that only Martin's excessive force claim, which implicates Martin's rights under the Fourth Amendment, is potentially cognizable under

*Bivens*. The Court agrees. In Count 5 of his seconded amended complaint, Martin seeks to sue the individual federal defendants for bribery and vindictive prosecution, but neither of these torts implicate constitutional rights that would give rise to a cause of action under *Bivens*. Further, where state law provides a remedy for an alleged tort, a plaintiff must sue the United States under the Federal Tort Claims Act (FTCA) rather than sue individuals under *Bivens*. *See* 28 U.S.C. §2680(h); *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001). Wisconsin recognizes both the tort of abuse of process and malicious prosecution. *See Wisconsin Public Service Corporation v. Andrews*, 316 Wis.2d 734, 745 (Wis. Ct. App. 2009) (describing abuse of process through extortion as a state law tort); *Strid v. Converse*, 111 Wis.2d 418 (Ct. App. 1994) (outlining the elements of a malicious prosecution claim). Accordingly, these claims must be dismissed because Martin may not obtain the relief he seeks from the individual federal defendants under *Bivens*; instead, he must pursue these claims against the United States under the FTCA.

Finally, the individual federal defendants argue that Martin's allegations of excessive force are too vague to state a claim. Under Rule 8, a complaint must set forth a "short and plain statement of the claim showing the pleader is entitled to relief." ). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

Martin alleges only that "defendants" grabbed him "in an aggressive manner, pulled him out of the car and threw him onto the ground." Dkt. No. 49 at ¶17. But, given the practical realities of the alleged misconduct, it simply is not plausible to infer that all five individual federal defendants were involved in removing Martin from his car. To survive dismissal of a *Bivens* claim, a plaintiff must properly allege that a defendant "personally participated in or caused" an alleged violation of plaintiff's rights. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). "Because vicarious liability is inapplicable to *Bivens* and §1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. In other words, to state a claim, a complaint must contain allegations describing what each individual defendant did or did not do to violate the plaintiff's rights. By lumping all the individual federal defendants together, Martin has failed to do that. Accordingly, the Court will grant the individual federal defendants' motion to dismiss and dismiss them from this case without prejudice.

**2. The United States' Motion to Dismiss for Failure to Exhaust Administrative Remedies, Dkt. No. 102**

Martin is proceeding against the United States under the FTCA on the state law tort claims of false arrest, bribery, and operating a vehicle without the owner's consent. Dkt. No. 49 at ¶¶27-35; Dkt. No. 97 (order substituting the United States as the proper defendant). Under 28 U.S.C. §2675(a), claimants under the FTCA must present an administrative claim to the appropriate federal agency in a sum certain amount, and the agency must be given an opportunity to act on that claim before the injured party is authorized to bring suit. The United States argues that, because Martin fails to allege that he filed an administrative claim with the appropriate agency, his

state law tort claims must be dismissed. It explains that, "[a]lthough Martin does not address exhaustion in his second amended complaint, the United States is aware that on October 14, 2019, Martin presented a 'Notice of Claim' to the DEA and the Wisconsin Attorney General." Dkt. No. 103 (citing Dkt. No. 103-1.) According to the United States, Martin's 2019 notice of claim does not relate to the allegations in the second amended complaint, does not include a proper request for damages, and is untimely. *Id.* at 4-5. Martin did not respond to the United States' motion.

The United States acknowledges that Martin did not raise the issue of exhaustion in his second amended complaint, and, as proof of Martin's failure to exhaust, it relies on a notice of claim that Martin did not attach to his second amended complaint. Because the United States is relying on matters outside of the second amended complaint, the Court will convert its motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d) and 56. Rule 12(d) requires the Court to give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Martin has had more than seven months to respond to the United States' motion, but the Court will allow him an additional 30 days to respond. If Martin is unable to demonstrate by the deadline that he exhausted the administrative remedies with respect to his state law claims against the United States, the Court will grant the United States' motion and dismiss Martin's claims against it.

3. **Martin's Motions to Appoint Counsel, Dkt. Nos. 50, 74**

Martin filed two motions to appoint counsel, in which he asserts that he contacted three attorneys without success, has a high school education, and has mental health issues. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a

difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). Martin has satisfied this prong. He asserts that he contacted three attorneys in an effort to hire counsel on his own, but none agreed to represent him.

However, Martin fails to satisfy the second prong of the standard. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. Martin's claims against the remaining individual defendants are straightforward and uncomplicated. He asserts that excessive force was used during his arrest and that improper methods were used to secure his cooperation. Martin has repeatedly demonstrated that he has a good memory of what occurred, is able to communicate effectively with the Court, and can advocate well for himself. Although he asserts that he has only a high school education (more than many prisoners) and mental health issues (common among prisoners) neither of those circumstances appear to hinder his efforts to litigate this case. He has twice amended his complaint, used discovery to identify Doe defendants, and cited relevant case law to support his

arguments. Based on this history, the Court concludes that he is able to represent himself at this time. If he encounters new challenges in the future, he may renew his motion. If he does so, he must be specific about the challenges he faces and what efforts he has made to overcome them.

**4. Martin's Other Motions**

On May 28, 2020, Martin filed a motion for default judgment against Gray based on his failure to timely respond to discovery requests and against the individual federal defendants based on their failure to respond to the second amended complaint. Dkt. No. 70. Dismissal is not the proper remedy in response to a party's untimely response to discovery requests. If Martin has concerns about responses to his discovery requests, he should contact the defendant's lawyer in an effort to informally resolve the dispute. *See* Civil L.R. 37. If they are unable to resolve his concerns, he may file a motion to compel. If he does so, he must detail the discovery request, his objection to the response, and what efforts he and counsel made to resolve the dispute. As to the individual federal defendants, the Court has determined that Martin's second amended complaint fails to state a claim against them, so the relief Martin seeks is not available. The Court will deny the motion.

On January 4, 2021, Martin filed a motion seeking discovery, offering settlement, and asking for mediation. Dkt. No. 105. Defendants Gray, Ray Taylor, and Todd Higgins responded, explaining that they had complied with Martin's properly served discovery requests and that they were neither interested in mediation nor settling with Martin on the terms he demands. Because it does not appear that Martin first tried to informally resolve his discovery dispute with counsel as required by Civil L. R. 37 and because these Defendants are not interested in settlement or mediation, the Court will deny Martin's motion.

On April 2, 2021 and May 4, 2021, Martin filed motions seeking miscellaneous relief, including that the Court recruit an attorney to represent him, grant default judgment, open an investigation to ensure judges are honoring their oaths, compel discovery, and allow him to file a third amended complaint. Dkt. Nos. 107, 114. Defendants Gray, Higgins, and Taylor responded to remind the Court that, as previously disclosed, the DEA retained records relevant to Martin's arrest, not the Wisconsin Department of Justice Division of Criminal Investigation. They explained that they had subpoenaed the DEA to help Martin obtain the reports from his arrest and interview, and they had provided those reports to Martin. Dkt. Nos. 108, 109.

The Court will deny Martin's motion. The Court has already explained why it concludes that he is capable of representing himself at this time and why he is not entitled to default judgment. Again, his motions do not comply with Civil L. R. 37 in that there is no certification that he has attempted to informally resolve his discovery disputes before involving the Court. In any event, Gray, Higgins, and Taylor explained that they have already fully responded to Gray's properly served requests and have produced all materials in their possession. To the extent Gray seeks additional discovery, he will have to obtain it from the appropriate parties. Finally, the Court will not permit Martin to file a third amended complaint. This case has been pending for nearly four years, Martin has already twice amended his complaint, and he fails to provide an explanation for why he delayed so long to seek leave to file a third amended complaint. It is time to move this case to resolution. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that courts may deny leave to amend for reasons such as undue delay or repeated failure to cure deficiencies in previous amendments).

Finally, on June 15, 2021, Martin filed a motion to stay. Dkt. No. 119. He explains that, since May 19, 2021, he has been moved from prison to prison throughout the country. He states

that he is subject to another transfer on or before August 15, 2021. The Court will deny Martin's motion. As explained above, the Court is requiring Martin to respond to the United States' motion to dismiss based on his failure to exhaust administrative remedies within thirty days, or by **July 21, 2021**. The Court will reassess whether a stay is appropriate after that deadline passes.

**IT IS THEREFORE ORDERED** that Martin's motions to appoint counsel (Dkt. Nos. 50, 74), his motion for default judgment (Dkt. No. 70), his motion for order to mediate (Dkt. No. 105), his motion for justice (Dkt. No. 107), his motion for an order (Dkt. No. 114), and his motion to stay (Dkt. No. 119) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Forbes, Brandemuehl, Kopatich, Marlock, and McCarthy's motion to dismiss (Dkt. No. 99) is **GRANTED** and Martin's claims against those Defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Martin must respond to the United States' motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 102) by **July 21, 2021.** For Martin's claims against the United States to survive, Martin must provide evidence rebutting the United States' evidence that Martin did not exhaust the administrative remedies before he filed this lawsuit.

Dated at Milwaukee, Wisconsin this 21st day of June, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge