UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE MARTIN,

                Plaintiff,

v.                                                                                                         Case No. 17-cv-1192-bhl

TIMOTHY P. GRAY, et al.,

                Defendants.

## ORDER

Plaintiff Ronnie Martin is representing himself in this action. He is currently incarcerated at the Gilmer Federal Correctional Institution in West Virginia, although he recently informed the Court that he will be released in a few weeks. Dkt. No. 125-1. On June 21, 2021, the Court entered an order denying Martin's motions to appoint counsel, his motion for default, his motion for order to mediate, his motion for justice, and his motion to stay. Dkt. No. 120. The Court also granted the individual federal defendants' motion to dismiss and ordered Martin to respond to the United States' motion to dismiss by July 21, 2021. *Id.* The Court warned Martin that, if he is unable to demonstrate that he exhausted the administrative remedies with respect to his state law claims against the United States, the Court would grant the United States' motion and dismiss it from this case.

On July 2, 2021, Martin filed a notice of appeal. Dkt. No. 121. He seeks to challenge the Court's denial of his motions to appoint counsel, his request for leave to file a third amended complaint to add new defendants (included in his motion for justice, Dkt. No. 107), and his motion to compel. *Id.* On July 6, 2021, the clerk's office sent Martin a letter informing him that the fee

for filing a notice of appeal is $505. Dkt. No. 122. Martin was instructed to submit a completed "Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*" form within 21 days if he is unable to pay the filing fee.

On July 19, 2021, Martin filed a motion for recusal and a request for an extension of time to submit his petition to proceed *in forma pauperis* on appeal. Dkt. No. 125, 125-1. He asks the Court "to remove Brett Ludwig from the bench" because he "is prejudice[d] towards the Plaintiff and . . . is inclined to favor the Defendants." Dkt. No. 125. He also explains that he needs a copy of the *in forma pauperis* form and that his financial circumstances are likely to significantly change after his release. Martin did not respond the United States' motion to dismiss.

**1. Motion for Recusal**

Under 28 U.S.C. § 455(b)(1), a judge must disqualify himself "[w]here he has personal bias or prejudice concerning a party." To demonstrate a personal prejudice or bias a party must set out specific facts supporting such a conclusion. *Clayton v. Sklodowski*, No. 87-C-2613, 1987 WL 11834, at *1 (N.D. Ill. May 29, 1987). Martin sets forth no facts giving rise to an inference of bias. Martin's suggestion that bias can be inferred because the Court recently denied his motions is meritless. The Court explained the basis for each of its rulings. Martin's disagreement with the Court's analysis is not evidence that the Court has a personal bias or prejudice. The Court will deny Martin's motion for recusal.

**2. Request for Extension of Time**

The Court will extend the deadline by which Martin must either pay the $505 filing fee or submit a completed "Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*" form. The Court will enclose a copy of the form with this Order as a courtesy to Martin. The Court reminds Martin that, because he was a prisoner when he filed his notice of appeal, the

Prison Litigation Reform Act applies. *See* 28 U.S.C. § 1915. Accordingly, in addition to completing the enclosed form, Martin must submit a certified copy of his trust account statement for the six-month period preceding the filing of his notice of appeal. Martin's release from prison will not relieve him of this requirement.

**3. United States' Motion to Dismiss**

Generally, a district court and the court of appeals should not both assert jurisdiction over a case at the same time. *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989). Accordingly, a notice of appeal normally deprives the district court of jurisdiction. *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). But there is an exception for frivolous or baseless appeals. *Id.* (citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)). The rule "does not operate . . . where there is a purported appeal from a nonappealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982). When a notice of appeal is a frivolous effort to block the normal progress of litigation, the district judge "may certify to the court of appeals that the appeal is frivolous" and continue with the case. *Apostol*, 870 F.2d at 1339; *see also Peters v. Baldwin*, No. 17-CV-499-NJR-DGW, 2018 WL 10688328, at *1 (S.D. Ill. Apr. 5, 2018).

Martin seeks to appeal denials of non-appealable orders, so the Court will certify his appeal as frivolous. The Seventh Circuit has long held that "an order denying a motion for appointment of counsel is not immediately appealable but may be reviewed only on appeal from a final judgment." *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1067 (7th Cir. 1981); *see also Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008). Similarly, the Seventh Circuit has held that "[a]n order denying a motion to amend a pleading is not immediately appealable . . . [so a] party must wait until a final judgment in the case to appeal the order." *Agretti v. ANR Freight System,*

*Inc.*, 982 F.2d 242, 248 (7th Cir. 1992). Given that Martin's appeal—at this stage of the proceedings—is frivolous, the Court may continue with the case and address the United States' motion to dismiss.

As the Court explained in its June 21, 2021 decision, the United States presented evidence that Martin failed to exhaust the available administrative remedies before he filed his lawsuit. Dkt. No. 120 at 4-5. Specifically, the United States explained that Martin presented a notice of claim to the Drug Enforcement Agency and the Wisconsin Attorney General on October 14, 2019, but that notice of claim does not relate to the allegations in Martin's second amended complaint, does not include a proper request for damages, and is untimely. *Id.* at 5. The Court gave Martin an opportunity to rebut the United States' evidence and explained to him that failure to do so would result in the Court granting the United States' motion to dismiss. Martin did not respond. Because Martin has presented no evidence supporting a conclusion that he exhausted the administrative remedies before he filed this lawsuit, the Court will grant the United States' motion to dismiss.

4. Next Steps

Now that all pending motions have been resolved, it is time to move this case toward resolution. The Court vacated the discovery and dispositive motion deadlines more than a year ago. Accordingly, the Court will require the parties to file a status report on or before **August 20, 2021** to assist the Court in establishing a revised scheduling order, including setting a new dispositive motion deadline.

**IT IS THEREFORE ORDERED** that the United States' motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 102) is **GRANTED**. The Court **DISMISSES** Martin's claims against the United States.

**IT IS FURTHER ORDERED** that Martin's motion for recusal (Dkt. No. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that Martin's request for an extension of time to submit his petition to proceed *in forma pauperis* on appeal (Dkt. No. 125-1) is **GRANTED**. As a courtesy, the Court will enclose a copy of the "Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*" form. Martin must pay the $505 appellate filing fee or seek leave to proceed *in forma pauperis* on appeal by **August 23, 2021**.

**IT IS FURTHER ORDERED** that the parties shall file a status report on or before **August 20, 2021** to assist the Court in setting discovery and dispositive motion deadlines.

Finally, the Court **CERTIFIES** that Martin's appeal is frivolous because he seeks to appeal non-appealable orders.

Dated at Milwaukee, Wisconsin this 30th day of July, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge