UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE MARTIN,

      Plaintiff,

v.                     Case No. 17-cv-1192-bhl

TIMOTHY P. GRAY, et al.,

      Defendants.

# ORDER

  Plaintiff Ronnie Martin is representing himself in this action, which has been pending for nearly four years. On June 21, 2021, the Court denied multiple pending motions and granted the individual federal defendants' motion to dismiss. Dkt. No. 120. A couple of weeks later, Martin filed a notice of appeal. Dkt. No. 121. On July 30, 2021, the Court certified the notice of appeal as frivolous. Dkt. No. 126. The Court explained that, while a notice of appeal normally deprives the district court of jurisdiction, the rule does not operate when there is a purported appeal from a nonappealable order. *Id.* at 3. None of the orders Martin sought to appeal were immediately appealable; therefore, the Court was free to continue with the case.

  Also on July 30, 2021, the Court granted the United States' motion to dismiss based on Martin's failure to exhaust the administrative remedies and denied his motion for recusal. Dkt. No. 126. On August 9, 2021, Martin filed a second notice of appeal. Dkt. No. 127. That notice of appeal is also frivolous. Under Fed. R. Civ. P. 54(b), when an action involves multiple parties, a court may direct judgment to be entered on fewer than all the parties if the court determines there is no just reason for delay. Otherwise, an order that adjudicates "fewer than all the claims or the

rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ." Fed. R. Civ. P. 54(b). The Court did not enter a separate, final, appealable judgment for the United States under Fed. R. Civ. P. 54(b). Accordingly, its order granting the United States' motion to dismiss was not a final, appealable order because the action remains pending against other defendants. *See Estate of Drayton v. Nelson*, 53 F.3d 165, 166-67 (7th Cir. 1994). Given that Martin's second notice of appeal is also frivolous, the Court may continue with the case.

Finally, in an effort to move this case toward resolution, the Court ordered Martin and the remaining Defendants to file a status report by August 20, 2021, to assist the Court in setting a revised scheduling order. Defendants timely filed their report and expressed their eagerness "to move this case along." Dkt. No. 131. Martin did not file a report.

Up until recently, Martin was incarcerated at the Gilmer Federal Correctional Institution in West Virginia. However, according to the Federal Bureau of Prisons online inmate locator, he was released nearly two weeks ago on August 13, 2021. Martin has not provided the Court with updated contact information. The Court acknowledges that it takes some time for a person to organize his affairs after being released, but the Court also acknowledges that many people lose interest in litigating their cases after being released from prison. It is not clear which is true for Martin. The Court is hesitant to enter a scheduling order if Martin is no longer interested in prosecuting this case. On the other hand, the Court is sensitive to Defendants' desire to move this case along. Accordingly, the Court will give Martin an additional thirty days to update his contact information. If he does so, the Court will enter a scheduling order consistent with Defendants' suggestion. If he does not do so, the Court will dismiss this case based on Martin's failure to diligently prosecute it. *See* Civil L. R. 41(c). This case cannot continue if Defendants and the

Court do not know how to contact Martin, so his failure to inform Defendants and the Court of how to reach him suggests he is no longer interested in prosecuting this case.

**IT IS THEREFORE ORDERED** that Martin must provide the Court with his current contact information by **September 27, 2021.** If he does not, the Court will dismiss this case based on Martin's failure to diligently prosecute it. *See* Civil L. R. 41(c).

The Court **CERTIFIES** that Martin's second notice of appeal (Dkt. No. 127) is frivolous because he seeks to appeal non-appealable orders.

Dated at Milwaukee, Wisconsin on August 27, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge